UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No.: 8:18-bk-04647-CPM
Chapter 7

Nikita Lashawn Williams
Anthony Eugene Williams, II

Debtor.
_____

MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
(309 Taxter Run Lane, Valrico, FL 33594)

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST A HEARING

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Ave., Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Richard M. Dauval, 3900 1st Street North, Suite 100, Saint Petersburg, FL 33703, and any other appropriate persons within the time allowed.**

**If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

COMES NOW Stephen L. Meininger, Chapter 7 Trustee, by and through the undersigned counsel, and hereby moves for authority to sell certain improved real property free and clear of liens and to have lien attach to proceeds, and to pay the lien of secured creditors, and transactional costs, and in support thereof states as follows:

**JURISDICTION**

1

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On June 04, 2018, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Stephen L. Meininger was appointed Chapter 7 trustee (the "Trustee").

6. The Debtors, Nikita Lashawn Williams and Anthony Eugene Williams, II, own real property, by virtue of a deed, located at 309 Taxter Run Lane, Valrico, FL 33594, more particularly known as:

Lot 31, Block 3, Crosby Crossings, according to the map or plat thereof, as recorded in Plat Book 108, Page(s) 88 through 94, inclusive, of the Public Records of Hillsborough County, Florida.

(hereinafter the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is clouded as follows:

    a. A mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for American Equity Mortgage, Inc. recorded in Official Records Book 23124, Page 1892 and together with Loan Modification Agreement recorded in Official Records Book 24731, Page 119, which Mortgage is now held by The Money Source, Inc., its

successors and assigns, by virtue of Assignment(s) of Mortgage recorded in Official Records Book 25758, Page 408 of the Public Records of Hillsborough County, Florida,

b. A UCC Financing Statement in favor of Foundation Finance Company LLC recorded in Official Records Book 23663, Page 92 of the Public Records of Hillsborough County, Florida,

c. A Mortgage in favor of Secretary of Housing and Urban Development in the original principal amount of $8,400.00, dated January 18, 2017 (FHA Case No. 093-8051143-703) and recorded in Official Records Book 24731, Page 126 of the Public Records of Hillsborough County, Florida,

d. A Claim of Lien, in favor of Crosby Crossings Homeowners Association, Inc., that, recorded in Official Records Book 26244, Page 253 of the Public Records of Hillsborough County, Florida, and

e. Notice of Lien, in favor of Hillsborough County Public Utilities Department, recorded in Official Records Book 26291, Page 1850 of the Public Records of Hillsborough County, Florida.

8. The Trustee has accepted an offer from Debra Edwards (the Buyer), to purchase the Property for the gross sale price $193,051.00. This gross sale price contemplates a base sale price of $185,551.00 and an additional $7,500.00 surcharge, or carve out, for the benefit of the bankruptcy estate. The Trustee believes it is a fair offer for the current economy and the length the property has remained on the market.

9. The Trustee seeks permission to pay routine closing costs (more detail below). Any current real property taxes will be paid prorated. To that end, the Trustee has attached a

"DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as Exhibit A.

10. The Trustee believes the proposed sale terms shall be sufficient to pay the administrative expenses of the bankruptcy estate in accordance with 11 U.S.C. §§ 303, 326, as may be allowed, and to cause some distribution to the unsecured creditors of the estate.

## AUTHORITY TO SELL

11. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.

## CONCLUSION

12. The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the secured creditors. The Buyers have agreed, subject to Court approval, to pay to the Trustee the gross sale amount of $193,051.00 in exchange for estate's interest in the Property, free and clear of all liens.

WHEREFORE, the Trustee moves for the entry of an order:

A. Authorizing the sale of the Property and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the estate's interest in the Property including without limitation, executing a deed conveying the interests of the Debtors to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs:

Total Sales/Brokers Commission:
6% of base sale price to A to Z Realty                                  $ 11,133.06*
*this commission is intended to be shared with cooperating brokers / professionals
Title Charges:                                                          $ 1,998.00
Government recording / transfer charges:                                $ 1,299.20
2019 Property Taxes to Hillsborough County Water                        $ 3,552.01
HOA Delinquent Maintenance to Friscia & Ross, PA                        $ 1,500.00
Outstanding water bill / utility lien payoff                            $ 219.61

The above anticipated closing costs and taxes are subject to per diem charges, changes in prorations, and otherwise represent approximate amounts. The Trustee seeks authority to pay these amounts, or their reasonable equivalent amounts, to the respective payees depending on the subjective per diem alteration, and other adjustments.

D. Determining that the Buyer has not assumed any liabilities of the Debtor, and

E. Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Richard M. Dauval, Esquire
Richard M. Dauval, Esq.
Leavengood, Dauval, Boyle & Meyer, P.A.
3900 1st Street North, Suite 100
Saint Petersburg, FL 33703
727-327-3328 x303

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to:

U.S. Trustee, ustp.region21.ecf@usdoj.gov

Nikita Williams and Anthony Williams, 309 Taxter Run Lane, Valrico, FL 33594

The Money Source, Inc., c/o Jason Weber, Esq., jweber@sirote.com

Foundation Finance Company LLC, 700 Eagle Nest Blvd., Rothschild, WI 54474

Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703

Secretary of Housing and Urban Development, 451 Seventh Street, SW, Washington, DC 20410

Crosby Crossings Homeowners Association, c/o Registered Agent, MEA HOA LLC, 235 W. Brandon Blvd., Suite 201, Brandon, FL 33511

Hillsborough County Board of County Commissioners, c/o the Office of the County Attorney, 601 E. Kennedy Blvd., 27th Floor, P.O. Box 1110, Tampa, FL 33601-1110

and all parties of interest that have filed a proof of claim in this case or filed a notice of appearance pursuant to Rule 2002-1(c) on this December 3, 2019.

                                            /s/ Richard M. Dauval, Esquire
                                            Richard M. Dauval, Esq.